**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| MICHAEL R. FLANDERS, | ) |
| Plaintiff, | ) |
| vs. | ) Cause No. 1:13-cv-218-WTL-DKL |
| BRUCE LEMMON Commissioner of the Indiana Department of Corrections, | ) |
| Defendant. | ) |

## ENTRY ON PETITION FOR WRIT OF HABEAS CORPUS

This cause is before the Court on the Petitioner Michael R. Flanders' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1).[1] Flanders' petition is fully briefed, and the Court, being duly advised, **DISMISSES** the petition for the reasons set forth below. In addition, the court finds that a certificate of appealability should not issue.

### I. BACKGROUND

On April 26, 2007, after a short bench trial, Flanders was convicted of sexual misconduct with a minor, a Class C felony.[2] During the bench trial, the court also heard evidence regarding Flanders' prior conviction for child molesting. Finding Flanders to be a repeat sex offender, the court sentenced Flanders to ten years in prison.

---

[1] In his petition for writ of habeas corpus, Flanders identified Bruce Lemmon, Commissioner of the Indiana Department of Corrections, as the respondent in this case. Lemmon, however, requested that the Court substitute Madison Circuit Court 6 as the respondent "to reflect Petitioner's current probationary status." Lemmon's Br. at 1. A brief review of the record indicates that Flanders is subject to mandatory lifetime parole pursuant to Indiana Code § 35-50-6-1(e), and thus is currently on parole through the New Castle Parole District. Accordingly, Lemmon is the proper respondent in this case.

[2] The evidence supporting Flanders' conviction was summarized in his direct appeal. *See Flanders v. State*, 881 N.E.2d 735 (Ind. Ct. App. 2008).

In his direct appeal, Flanders argued that the evidence was insufficient to sustain a conviction for sexual misconduct with a minor. The Indiana Court of Appeals affirmed Flanders' conviction, and the Indiana Supreme Court denied transfer on April 30, 2008. *Flanders v. State*, 891 N.E.2d 46 (Ind. 2008).

Thereafter, on October 22, 2009, Flanders filed a petition for post-conviction relief. This time, Flanders challenged his conviction by arguing that his trial counsel was ineffective in the following respects:

> (1) he offered [an online] chat between H.P. and K.B. into evidence although it appeared to be altered and its authenticity was not established; (2) he did not support his Evidence Rule 404(b) objections with authority that would show that the intent exception did not apply; (3) he did not make use of evidence that would impeach H.P.; and (4) he did not object to unauthenticated documents that were admitted during the repeat sex offender phase of the trial.

*Flanders v .State*, 955 N.E.2d 732, 738 (Ind. Ct. App. 2011). Flanders also alleged that appellate counsel was ineffective "because he did not raise any of these alleged trial errors" in Flanders' direct appeal. *Id.* At some point during his incarceration, the Indiana Department of Corrections classified Flanders as a sexually violent predator ("SVP") under Indiana Code § 35-38-1-7.5.[3] Unhappy with this classification and its ramifications, Flanders also "alleged that the DOC had, without authority, classified him as an SVP and that his reclassification violated the due process clauses of the United States and Indiana Constitutions and the ex post facto clause of the Indiana Constitution." *Id.* at 738. The trial court denied his petition.

The Indiana Court of Appeals affirmed in part and reversed in part the trial court's decision. Although the court agreed that Flanders was unable to establish that he received ineffective assistance of counsel during his trial or on appeal, the court found that "the 2007

---

[3] In reality, "Flanders became an SVP by operation of law when the 2007 amendments [to the SVP statute] went into effect." *Id.* at 752.

2

version of Indiana Code Section 35-38-1-7.5(g), which made Flanders ineligible to petition for a change of [his SVP] status, [was] an unconstitutional ex post facto law as applied to him." *Id.* at 752.[4] As a result, the court ordered that Flanders "be allowed to petition for a change in status once a year after he has registered for ten years." *Id.* at 753. The court saw nothing wrong with Flanders' designation as an SVP, however. The Court concluded that the designation did not violate the state and federal due process clauses, and classifying him as an SVP, generally, did not violate the ex post facto clause. The Indiana Supreme Court denied transfer of the case on February 7, 2012. *Flanders v. State*, 963 N.E.2d 1118 (Ind. 2012).

## II. DISCUSSION

With his state appeals exhausted, Flanders now seeks relief from this Court under 28 U.S.C. § 2254. He argues that (1) he received ineffective assistance of trial counsel, (2) he received ineffective assistance of appellate counsel, and (3) his designation as an SVP "by operation of law" violated the due process clause of the Fourteenth Amendment and the ex post facto clause. Lemmon, however, argues that Flanders' petition is time barred. The Court agrees—Flanders' habeas corpus petition is untimely.

According to 28 U.S.C. § 2244(d),

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

---

[4] An amendment to "Indiana Code Section 35-38-1-7.5(g) . . . made offenders with two or more unrelated convictions for sex offenses ineligible to petition the court for a change in status." *Id.*

3

> > United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Of course, "[t]his limitations period is tolled while a state prisoner seeks postconviction relief in state court." *Lawrence v. Florida*, 549 U.S. 327 (2007); 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

Pursuant to § 2244(d)(1)(A), Flanders had one year from the date his conviction became final to file the instant motion—none of the other subjections appear to apply.

The Indiana Supreme Court denied transfer of Flanders' direct appeal on April 30, 2008. Thus, his conviction became final on July 29, 2008 (i.e., ninety days after entry of the Indiana Supreme Court's order denying transfer). *See Powell v. Davis*, 415 F.3d 722, 726 (7th Cir. 2005). Flanders, however, did not file his motion for post-conviction relief until October 22, 2009, more than a year after his judgment became final, and his petition for writ of habeas corpus was not filed with this Court until February 7, 2013.

Flanders argues that his petition is not time-barred because it was filed within one year of February 7, 2012, the date the Indiana Supreme Court denied transfer of his post-conviction proceedings. He argues that his conviction did not become final until that date.

Case law is clear, however, that the limitations period is not tolled or restarted by post-conviction proceedings filed after the one-year period of limitation has expired. *De Jesus v. Acevedo*, 567 F.3d 941, 944 (7th Cir. 2009) ("A state court's order denying a request for collateral review (whether on the merits or for any procedural reason) does not require the exclusion, under § 2244(d)(2), of time that passed before the state collateral proceeding began.").

Based on the foregoing, Flanders had until July 29, 2009, at the latest, to file his petition for writ of habeas corpus. Because Flanders did not file the instant motion until April 7, 2013, and because his motion for post-conviction relief did not restart or toll the limitations period, his petition for writ of habeas corpus is time barred.

Of course, a habeas petitioner "is 'entitled to equitable tolling' . . . if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Flanders, however, points to no obstacles that prevented him from pursuing federal habeas relief (or filing his motion for post-conviction relief) within the one-year limitations period. Thus, no extraordinary circumstances exist in this case such that the one-year limitations period should be equitably tolled.

### III. CONCLUSION

For the foregoing reasons, Flanders' petition for writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED** as untimely.

### IV. CERTIFICATE OF APPEALABILITY

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254* proceedings, and 28 U.S.C. § 2253(c), the Court finds that Flanders has failed to show that reasonable jurists would find it "debatable whether [this Court] was correct in its

5

procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **DENIES** a certificate of appealability.

SO ORDERED: 06/05/2014

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy to:**

**Michael R. Flanders**
**921 Hickory Street**
**Anderson, IN 46012**

Copies to all counsel of record via electronic communication.